# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ICON HEALTH & FITNESS, INC., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV00439 SRC |
| | ) | |
| TRUE FITNESS TECH., INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff ICON Health & Fitness, Inc.'s Motion to Dismiss True Fitness Technology, Inc.'s Patent Misuse Counterclaims [41]. The Court will deny ICON's motion.

## I. BACKGROUND

On March 21, 2018, ICON filed a complaint in this Court alleging TRUE Fitness infringed one or more claims of two patents owned by ICON, the '667 patent and the '281 patent. On January 10, 2019, ICON filed an amended complaint removing the claim relating to the '667 patent and alleging TRUE Fitness infringed one or more claims of ICON's '281 patent, which covers a magnetic braking system used in treadmills. TRUE Fitness filed an answer denying it infringed ICON's patent and asserting twelve defenses and a two-count counterclaim. In Count I of its counterclaim, TRUE Fitness seeks a declaratory judgment stating that ICON's '281 patent is invalid and unenforceable. In Count II of its counterclaim, TRUE Fitness seeks a declaratory judgment stating TRUE Fitness did not infringe any valid and enforceable claim of the '281 patent. ICON filed the pending motion to dismiss asking the Court to dismiss TRUE

1

Fitness's counterclaims alleging patent misuse, because ICON argues 35 U.S.C. § 271(d)(3) bars the counterclaim.

**II.     STANDARD**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a party to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a [pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the party's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

If a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

In its motion, ICON asserts 35 U.S.C. § 271(d)(3) bars TRUE Fitness's counterclaim because TRUE Fitness did not adequately plead that ICON filed this lawsuit in bad faith, for an improper purpose, and with anticompetitive effect. Count I of TRUE Fitness's counterclaim states the '281 patent is invalid for "failure to comply with the requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq*. and due to Icon's patent misuse." ECF No. 39, ¶ 11. Count II alleges ICON's asserted claims "constitute[] patent misuse and/or lack of sufficient pre-suit investigation . . ." *Id*. at ¶ 16.

Patent misuse, as defined by the Federal Circuit Court of Appeals, is a "patentee's act of impermissibly broadening the physical or temporal scope of the patent grant with anticompetitive effect." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010). The Supreme Court established that a patentee may "exploit its patent but may not 'use it to acquire a monopoly not embraced in the patent.'" *Id*. at 1327 (quoting *Transparent-Wrap Mach. Corp. v. Stokes & Smith Co.*, 329 U.S. 637, 643 (1947)). Patent misuse is an affirmative, equitable defense to a suit for patent infringement. *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986); *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005).

Congress limited the scope of patent misuse in 35 U.S.C. § 271(d)(3), which states a patent owner otherwise entitled to relief shall not be denied relief or found guilty of misuse of the patent for seeking to enforce his patent rights against infringement. Courts have held bringing a suit for patent infringement may constitute patent misuse when the suit is brought in bad faith with an improper purpose, "in implementation of an illegal restraint of trade." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995); *see also*

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16 C 6097, 2017 WL 1101092 at *15 (N.D. Ill. Mar. 22, 2017) ("the recent trend among district courts is to allow such a defense to survive a motion to dismiss so long as defendants can allege facts to plead bad faith and improper purpose in bringing the suit.").

"A purpose is improper if its goal is not to win a favorable judgment but to harass a competitor and deter others from competition, by engaging the litigation process itself, regardless of the outcome." *Glaverbel*, 45 F.3d at 1558. A lawsuit is brought in bad faith if it is "objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits." *Chamberlain*, 2017 WL 1101092 at *15 (citing *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993); *see also Nalco Co. v. Turner Designs, Inc.*, Case No. 13-CV-02727 NC, 2014 WL 645365 at *10 (N.D. Cal. Feb. 19, 2014). Patents are presumed to be valid so a patent infringement suit is presumed to be brought in good faith. *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572, 1577 (Fed. Cir. 2005).

Count I of TRUE Fitness's counterclaim addresses patent misuse as follows:

> The claims of the '281 Patent are unenforceable as now construed by Icon due to Icon's patent misuse in attempting to assert the '281 Patent, which requires a magnetic braking system, to cover all uses of any AC induction motor to produce torque, which purportedly brakes a tread belt.

ECF No. 39, ¶ 12(c). In Count II of TRUE Fitness's counterclaim, the assertions related to patent misuse are:

> Icon's purported assertions regarding the scope of the '281 Patent, including that the asserted claims could be construed to cover any AC induction motor using electromagnetic induction to produce torque as the claimed magnetic braking system, is unreasonable. Moreover, it constitutes patent misuse and/or lack of sufficient pre-suit investigation because AC induction motors have been fundamentally known and used both within and outside the fitness equipment industry long before the '281 Patent, and assertions that the features of an AC induction motor could be within the patent scope can only be construed as an attempt to slow or prevent competition through prolonged and protracted litigation.

4

ECF No. 39, ¶ 16.

TRUE Fitness adequately pleaded patent misuse because it sufficiently alleges facts supporting bad faith and an improper purpose. TRUE Fitness alleges ICON impermissibly broadens its patent to cover all uses of any AC induction motor to produce torque and that ICON's claims are unreasonable because AC induction motors has been fundamentally known both within and outside the fitness equipment industry long before ICON's '281 patent. These allegations that ICON broadened the scope of its patent to the point where it is unreasonable to expect success on the merits sufficiently plead bad faith. TRUE Fitness also sufficiently pleads improper purpose through its allegation ICON's suit can only be construed as an attempt to slow or prevent competition through prolonged and protracted litigation. Given the nature of TRUE Fitness' patent-misuse theory, these allegations state a claim. The Court will deny ICON's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff ICON Health & Fitness, Inc.'s Motion to Dismiss True Fitness Technology, Inc.'s Patent Misuse Counterclaims [41] is **DENIED**.

So Ordered this 2nd day of August, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**